Nicole E. Lovelock, Esq.
Nevada State Bar No. 11187
Justin C. Jones, Esq.
Nevada State Bar No. 8519
Marta D. Kurshumova, Esq.
Nevada State Bar No. 14728
**JONES LOVELOCK**
6675 S. Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Telephone: (702) 805-8450
Fax: (702) 805-8451
nlovelock@joneslovelock.com
jjones@joneslovelock.com
mkurshumova@joneslovelock.com

*Attorneys for Defendant Euphoria Wellness, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACQUELINE JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EUPHORIA WELLNESS, LLC,<br><br>Defendant. | CASE NO.: 2:20-cv-01661-JCM-DJA<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff and Defendant, by and through their respective counsel, hereby enter into this Stipulated Confidentiality Agreement and Protective Order (the "Stipulated Protective Order"), as follows:

1. The Parties anticipate that they and certain non-parties may be required to produce documents, information, or evidence that relates to non-public financial and personal information. This Stipulated Protective Order is designed to protect such information from public disclosure.

2. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

    a. "Court" means the judge to which the Proceeding may be assigned, including Court staff participating in such proceedings.

b. "<u>Confidential</u>" means any documents, testimony, or information that a Designating Party believes in good faith contains or reveals nonpublic personal information.

c. "<u>Confidential Materials</u>" means any documents, testimony, or information, designated as Confidential pursuant to the provisions of this Stipulated Protective Order.

d. "<u>Days</u>" shall mean all calendar days, and not merely business days.

e. "<u>Designating Party</u>" means the Party or non-party that designates documents, testimony, or information as Confidential.

f. "<u>Disclose</u>" or "<u>Disclosed</u>" or "<u>Disclosure</u>" or "<u>Disclosing</u>" means to reveal, divulge, give, or make available all or any part of documents, testimony, or information.

g. "<u>Highly Confidential Materials</u>" means any documents, testimony, or information which a Designating Party believes in good faith contains or reveals highly confidential trade secrets, proprietary business information, nonpublic personal, client, or customer information, or information that is prohibited from disclosure to a third party by a confidentiality agreement between a party and any third party. If a Designating Party reasonably believes disclosure would create a substantial risk of serious financial or other injury if disclosed to persons other than those permitted to receive Highly Confidential Materials pursuant to this Stipulated Protective Order, the parties agree that such risk cannot be avoided by less restrictive means.

h. "<u>Proceeding</u>" means the above-captioned case no. 2:20-cv-01661-JCM-DJA, currently pending in the United States District Court, District of Nevada.

3. Highly Confidential Materials or Confidential Materials or the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto or derived therefrom, shall not be Disclosed or summarized in a fashion that discloses the substance of the confidential information, either in writing or orally, by a receiving Party to anyone other than persons

2

permitted to have access to such information under this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall limit disclosure or use by a Designating Party of its own Highly Confidential Materials or Confidential Materials.

4. Except as set forth explicitly herein, the entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party or non-party with respect to the discovery of matters, including but not limited to any Party's or non-party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Any documents, testimony, or information to be designated as Highly Confidential or Confidential must be clearly so designated before the document, testimony, or information is Disclosed or produced. The Highly Confidential or Confidential designation should not obscure or interfere with the legibility of the designated information.

    a. For documents or TIFF images (apart from written discovery, transcripts of depositions, or transcripts of other pretrial or trial proceedings), the Designating Party must affix the legend Highly Confidential or Confidential on each page of any document or TIFF image containing such designated material. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format ("Natively Produced ESI") containing Highly Confidential or Confidential information need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Designating Party shall use reasonable means to designate as Highly Confidential or Confidential such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the Highly Confidential or Confidential mark; (ii) including Highly Confidential or Confidential in the file name of the Natively Produced ESI; or (iii) including

Highly Confidential or Confidential on the label of the media or in the production letter for the Natively Produced ESI.

  b. For written discovery in which Highly Confidential or Confidential information is incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the Designating Party must affix the legend Highly Confidential or Confidential on the first page of the written discovery and on each page containing answers or responses that contain such designated material.

  c. For testimony given in depositions, the Designating Party must make reasonable efforts to designate as Highly Confidential or Confidential those specific portions of a deposition transcript that contain such designated material. The entire transcript of a deposition shall be treated as Highly Confidential until seven (7) days after receipt of the deposition transcript by counsel for the witness, after which time the information revealed during the deposition shall cease to be treated as Highly Confidential unless, at the deposition and on the record, or in writing before the seven (7) days have expired, the witness, his or her current or former employer, or their counsel designates those portions of the deposition transcript as either Highly Confidential or Confidential. With regard to designations made within seven (7) days after receipt of the deposition transcript, counsel shall make such designations by sending written notice to counsel for the Parties and to any other person known to have a copy of said transcript identifying the pages and lines so designated. All copies of transcripts designated in this fashion shall be governed by the terms of this Stipulated Protective Order. Notwithstanding the foregoing, in the event that (i) a document produced and designated by a non-party as Highly Confidential or Confidential is used as an exhibit in a deposition and (ii) counsel for the non-party is not present at the deposition, the Parties agree that the exhibit remains designated either Highly

          Confidential or Confidential and that any testimony concerning the exhibit shall be deemed to have been designated in writing as Highly Confidential or Confidential, as is required in this Paragraph.

    d.    For information produced in some form other than documents, and for any other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend Highly Confidential or Confidential.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the Highly Confidential or Confidential portions.

6.    The inadvertent production by any of the undersigned Parties or any non-parties of any document, testimony, or information during discovery in the Proceeding without a Highly Confidential or Confidential designation shall be without prejudice to any claim that such item is Highly Confidential or Confidential, and such Party or non-party shall not be held to have waived any rights by such inadvertent production.  In the event that any document, testimony, or information that is subject to a Highly Confidential or Confidential designation is inadvertently produced without such designation, the Party or non-party that inadvertently produced the document shall promptly give written notice of such inadvertent production, identify (by production number) the affected material, and provide a new copy of the subject document, testimony, or information designated as Highly Confidential or Confidential (the "<u>Inadvertent Production Notice</u>").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, or information shall promptly make reasonable efforts to destroy the inadvertently produced document, testimony, or information and all copies thereof, and shall notify the producing Party or non-party in writing of such destruction within fourteen (14) days of receipt of the Inadvertent Production Notice.  Notwithstanding the foregoing, if the receiving Party disclosed such document, testimony, or information to persons not authorized to receive that information before receipt of the Highly Confidential or Confidential designation, such Disclosure shall not be deemed a violation of this Stipulated Protective Order.  In the event the receiving Party receives an Inadvertent Production Notice, the receiving Party shall either make reasonable efforts to promptly

retrieve the document, testimony, or information or shall promptly notify the Designating Party of the distribution and the identity of the person who received the Information. Any Party may object to the Highly Confidential or Confidential designation of documents, testimony, or information pursuant to the procedures set forth in Paragraph 7 of this Stipulated Protective Order. This provision is not intended to apply to any inadvertent production of any document, testimony, or information protected by attorney-client or work product privileges.

      7.      In the event that counsel for a Party receiving documents, testimony, or information in discovery designated as Highly Confidential or Confidential objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, setting forth the specific documents, testimony, or information to which each objection pertains and the specific reasons and support for such objections (the "<u>Designation Objections</u>"). Counsel for the Designating Party shall have fourteen (14) calendar days after service of the written Designation Objections to meet and confer with the objecting Party in an attempt to resolve the Designation Objections. If the parties are not able to resolve the dispute during the meet-and-confer process, the Designating Party may then, after advising the Objecting Party, file a motion with the Court seeking to preserve any or all designations on documents, testimony, or information addressed by the Designation Objections (the "<u>Designation Motion</u>"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony, or information at issue in such Designation Motion shall remain in place. In accordance with Local Rules IA 10-5, a Party may file the documents, testimony, or information at issue in such pending Designation Motion with the Court under seal along with an accompanying motion for leave to file documents under seal. Such motions and accompanying documents shall be filed in accordance with the Court's electronic filing procedures. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its Highly Confidential or Confidential designation. In the event that the Designating Party does not timely respond to the Designation Objections, then such documents, testimony, or information shall be de-designated in accordance with the Designation Objections applicable to such material. The failure of a receiving Party expressly to challenge the designation of any documents, testimony, or information as Highly

Confidential or Confidential at the time of Disclosure shall not constitute a waiver of the right to challenge the designation at any subsequent time.

     8.    Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a.    the Court;

    b.    the Parties;

    c.    (i) attorneys of record in the Proceeding and attorneys at the same firm(s) as the attorneys of record, along with their paralegal, clerical, secretarial, and other support staff; and (ii) in-house counsel to the undersigned Parties and their paralegal, clerical, secretarial, and other support staff; provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    d.    those current officers, directors, partners, members, employees, advisors, attorneys, and agents of a non-designating Party that the attorneys of record for such Party deem necessary to aid in the prosecution or defense of the Proceeding; provided, however, that each such current officer, director, partner, member, employee, advisor, attorney or agent given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    e.    those former officers, directors, partners, members, employees, advisors, attorneys and agents of a non-designating Parties that the attorneys of record for such Party deem necessary to aid in the prosecution or defense of the Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such former officer, director, partner, member, employee, advisor, or agent, counsel for the Party making the Disclosure shall deliver a

    copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    f.    court reporters in the Proceeding (whether at depositions, hearings, or any other proceeding) and deposition videographers in the Proceeding;

    g.    any mediator or other facilitator of alternative dispute resolution engaged by the Parties in the Proceeding; provided, however, that each such mediator or other facilitator given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    h.    any deposition, trial, or hearing witness in the Proceeding (however, should the designating party require, it may request for such witness to execute the Exhibit A);

    i.    any deposition, trial, or hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    j.    mock jury participants (including facilitators of the mock jury exercise), provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

      k.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any deposition, trial, or hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

      l.    any other person or entity that the Designating Party agrees to in writing or on the record at a deposition or hearing.

9.    Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

      a.    the Court;

      b.    attorneys of record in the Proceeding and attorneys at the same firm(s) as the attorneys of record, along with their paralegal, clerical, secretarial, and other support staff;

      c.    experts or consultants (together with their clerical staff), however the experts or consultants relying on or incorporating Highly Confidential Materials in their reports, the reports shall be marked Highly Confidential, and such experts and consultants shall be consulted by counsel in connection with the Proceeding, whether or not retained to testify at any deposition, trial, or hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

      d.    For avoidance of doubt, the Parties understand that Highly Confidential Materials shall not be used for business advantage or competitive purposes,

nor distributed to any other person or entity other than described in Paragraph 9 (a)-(c).

10. To the extent counsel for a Party obtains signed agreements in the form attached hereto as Exhibit A in accordance with Paragraphs 8 or 9 above, counsel shall retain the signed agreements for six months following the final termination of the Proceeding, including any appeals, and shall make them available to other Parties upon good cause shown.

11. Each receiving Party shall use due care with respect to the storage, custody, use, and/or Disclosure of Highly Confidential or Confidential Materials.  A person with custody of documents designated as Highly Confidential or Confidential shall maintain them in a manner that limits access to those persons entitled under this Stipulated Protective Order to examine the documents so designated.

12. If counsel for a Party learns of any breach of this Stipulated Protective Order by any person to whom the Party Disclosed Highly Confidential or Confidential information pursuant to the terms of this Stipulated Protective Order, the Party shall promptly notify counsel for the Designating Party of such breach.

13. Highly Confidential or Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, prosecuting and/or defending, appealing, and/or attempting to settle the Proceeding, and not for any business or other purpose whatsoever.

14. Any Party to the Proceeding (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulated Protective Order.

15. Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

    a. operate as an admission by any person that any particular document, testimony, or information marked Highly Confidential or Confidential contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b.  prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulated Protective Order) to seek:

     i.  a determination by the Court of whether any particular Highly Confidential or Confidential Materials should be subject to protection under the terms of this Stipulated Protective Order; or

     ii.  relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulated Protective Order, either generally or as to any particular document, material, or information.

16.  As set forth above, any documents, testimony, or information produced by a non-party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-party as Highly Confidential or Confidential under the terms of this Stipulated Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Documents produced by a non-party witness in discovery may also be designated by a Party as Confidential if the information produced pertains to the Designating Party's Highly Confidential or Confidential Materials. To avoid inadvertent disclosure of such Highly Confidential or Confidential Materials, any documents produced by a non-party shall be treated by the Parties as Highly Confidential for a period of seven (7) days from production so that the Parties can review and make Highly Confidential or Confidential designations, if any.

17.  If any person subject to this Stipulated Protective Order who has custody of any Highly Confidential or Confidential Materials receives a subpoena or other process ("<u>Subpoena</u>") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by email transmission and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Highly Confidential or Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The

recipient of the Subpoena may not produce any Highly Confidential or Confidential Materials unless and until a court of competent jurisdiction so directs, except if the Designating Party: (a) consents, or (b) fails to file a motion to quash or fails to notify the recipient of the Subpoena in writing of its intention to contest the production of the Highly Confidential or Confidential Materials prior to the date specified for production on the Subpoena, in which event the recipient of the Subpoena may produce on the designated production date, but no earlier.  The recipient of the Subpoena shall be entitled to comply with it except to the extent the Designating Party asserting the confidential treatment is successful in obtaining an order or agreement modifying or quashing it.

18. If, after execution of this Stipulated Protective Order, any Highly Confidential or Confidential Materials submitted by a Designating Party under the terms of this Stipulated Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulated Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Highly Confidential or Confidential Materials to the immediate attention of the Designating Party.

19. The restrictions and obligations set forth in this Stipulated Protective Order relating to information designated Highly Confidential or Confidential shall not apply to any information that (a) the Designating Party agrees, or the Court rules, is already public knowledge; or (b) the Designating Party agrees, or the Court rules, has become public knowledge other than as a result of Disclosure by a receiving Party in violation of this Stipulated Protective Order.  This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Highly Confidential or Confidential Materials designated by that Party.  If the Designating Party uses Highly Confidential or Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

20. Where any Highly Confidential or Confidential Materials, or information derived therefrom, is to be included in any motion or other submission to the Court, the Party making the motion or other submission (the "Moving Party") shall comply with the United States District Court, District of Nevada's Local Rule LR IA 10-5 for filing documents under seal.

21. Where use of designated Highly Confidential or Confidential Materials at trial can be anticipated, the party intending to make use of such information at trial shall meet and confer prior to or as part of preparing the pre-trial memorandum, of its intent to use the specified Highly Confidential or Confidential Material at trial. If the issue of the designation and use of the designated information at trial is not resolved through good faith consultation, the party designating the material as Highly Confidential or Confidential Material shall, within fourteen (14) days of the parties' pre-trial conference or at the time of filing the pre-trial memorandum, whichever may be earlier, file and serve a noticed motion to resolve the dispute over the designation of the Highly Confidential or Confidential Materials and preclusion or restriction of its use at trial.

22. Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Highly Confidential or Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Highly Confidential or Confidential Materials.

23. The inadvertent Disclosure in the Proceeding of documents, testimony, or information that the Disclosing Party or non-party believes is protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver with respect to such privilege or immunity. In the event of an inadvertent Disclosure of allegedly privileged information, the Disclosing Party or non-party may provide notice in writing to the receiving Party or Parties advising of the inadvertent disclosure, requesting return of the allegedly privileged information, and asserting the basis of the clawback request. Upon such notice, the receiving Party or Parties shall make no further use of the allegedly privileged information, shall immediately segregate the information in a manner that will prevent any further Disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was Disclosed or disseminated prior to receipt of the notice. Within fourteen (14) days of receiving the notice of inadvertent Disclosure, the receiving Party shall return all allegedly privileged information in its possession, custody, or control, or shall provide written confirmation that such information has been deleted and shall not use the knowledge gleaned or obtained from the inadvertent Disclosure for any purpose, including compelling disclosure of the information. Within twenty-one (21) days

of providing the notice of inadvertent Disclosure, or as otherwise agreed, the Disclosing Party or non-party shall provide the receiving Party or Parties with a privilege log identifying the allegedly privileged information that was inadvertently Disclosed and the asserted grounds for privilege. Privileged information that relates to the Proceeding and was created on or after the commencement of the action, need not be identified on any privilege log.  The return of any discovery material to the Disclosing Party or non-party shall not in any way preclude the receiving Party from moving the Court for a ruling that the Disclosed information was never privileged or otherwise immune from discovery.  In the event there is a dispute over whether the Information at issue is protected from Disclosure by virtue of a privilege or immunity from discovery, counsel shall undertake reasonable, good-faith efforts to resolve the issue without Court intervention.  To the extent counsel cannot resolve the issue, any receiving Party may bring a motion to compel production of the allegedly privileged information, and the Party or non-party asserting the privilege shall bear the burden of persuasion with respect to the applicability of the privilege.  Allegedly privileged information shall remain protected against Disclosure and use during the pendency of any dispute over its status. This agreement shall not alter any Parties' duties or obligations under Nevada Rule of Professional Conduct 4.4.

24. This Stipulated Protective Order shall continue to be binding after the conclusion of the Proceeding and all appeals of the Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulated Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the Proceeding is terminated.

25. Upon request of the Designating Party in writing, within sixty (60) days after the final conclusion of all aspects of the Proceeding by judgment not subject to further appeal or by settlement, the undersigned Parties shall either return to counsel for each Designating Party or destroy all Highly Confidential or Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulated Protective Order, all work product, one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition, in compliance with the Nevada Rules of

1  Professional Conduct and Nevada law).  Upon request of the Designating Party, at the conclusion of
2  the sixty (60)-day period, counsel for each Party shall produce to the other Parties a certification
3  stating that the Party has either returned or destroyed all applicable Highly Confidential or
4  Confidential Materials in accordance with this Stipulated Protective Order.

5        26.  After this Stipulated Protective Order has been signed by counsel for all Parties, it
6  shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein
7  with regard to any Highly Confidential or Confidential Materials that have been produced before the
8  Court signs this Stipulated Protective Order.

9        27.  The Parties and all signatories to the Certification attached hereto as Exhibit A agree
10 to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the
11 event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a
12 different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until
13 such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the
14 terms of this Stipulated Protective Order pending its entry so as to allow for immediate production
15 of Highly Confidential or Confidential Materials under the terms herein.

16 / / /
17 / / /
18 / / /

28. The Parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, it shall be valid and binding as if all Parties had executed the same original.

| | |
|---|---|
| DATED this 25th day of February 2021. | DATED this 25th day of February 2021. |
| /s/ Andrew J. Shamis, Esq._____ <br> Andrew J. Shamis, Esq. <br> (*Admitted pro hac vice*) <br> ashamis@shamisgentile.com <br> **SHAMIS & GENTILE, P.A.** <br> 14 NE 1st Avenue, Suite 705 <br> Miami, Florida 33132 | /s/ *Nicole E. Lovelock, Esq.*_____ <br> Nicole E. Lovelock, Esq. <br> Justin C. Jones, Esq. <br> Marta D. Kurshumova, Esq. <br> **JONES LOVELOCK** <br> 6675 S. Tenaya Way, Suite 200 <br> Las Vegas, Nevada 89113 <br> *Attorneys for Defendant Euphoria Wellness, LLC* |

Gustavo E. Ponce, Esq.
Email: gustavo@kazlg.com
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste.100
Las Vegas, NV 891
*Counsel for Plaintiff Jacqueline Jackson*

CASE NO.: 2:20-cv-01661-JCM-DJA

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February 2021, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of this Court, using the CM/ECF System. I also certify that service of the foregoing was accomplished this day on all counsel of record pursuant to the Court's electronic filing procedures by filing this document through the CM/ECF System.

/s/ Lorie A. Januskevicius_____
An Employee of JONES LOVELOCK